## NATIONAL SAVINGS BANK
### *vs.*
### JOHN B. BEEGAN

Superior Court          New Haven County          File No. 62732

MEMORANDUM FILED OCTOBER 3, 1942.

*Chambers & Grimes,* of New Haven, for the Plaintiff.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Defendant.

Memorandum of decision on motion for order to turn over rents and possession.

MUNGER, J. Judgment in this case was rendered on June 19, 1942, and the law day fixed for December 1, 1942. An endorsement on the file reads as follows: "Law day December 1, 1942 provided that income is turned over to plaintiff at once." The plaintiff comes into court alleging that since the entry of the judgment the defendant has failed and refused and continues to refuse to turn over to the plaintiff the income accruing from said property. The plaintiff then prays for stay of execution and immediate possession and also prays for an order to turn over to it "all rents which have accrued since the entry of judgment and which will accrue until the plaintiff is put in possession of said premises."

This motion cannot be granted. It is impossible to say just what was in the mind of the judge when the law day was fixed or what was the meaning of the language quoted. It would seem as if the only conclusion or interpretation of this language would be that the defendant should turn over to the plaintiff the rents then in his possession. It certainly does not provide that the rents accruing after the entry of judgment should be turned over to the plaintiff in as much as the language is that the rents should be turned over "at once." There is, therefore, no basis for the claim of the plaintiff that the court should grant immediate possession for failure of the defendant to turn over the rents which have accrued since the entry of judgment.

Furthermore the judgment file does not mention any condition next to the fixing of the law day and the judgment file is conclusive. It is the final expression of the judgment of the court and from it must be ascertained what the judgment of the court was. With a situation such as exists I cannot see how the prayer of the plaintiff can be granted. The motion must be denied.